**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60942-SINGHAL/STRAUSS**

**RYAN EDMUNDSON,**

Plaintiff,

v.

**TESLA FLORIDA INC.** et al.**,**

Defendants.
_______________________________/

**ORDER FOLLOWING DISCOVERY HEARING**

THIS MATTER comes before the Court upon the parties' Joint Discovery Status Report, [DE 32], as well as the parties' representations at the discovery hearing held before me on September 22, 2026, [DE 33], which the Court treats as Plaintiff's *ore tenus* motion to compel and Defendants' response thereto. For the reasons stated on the record at the September 22, 2026 discovery hearing, it is **ORDERED and ADJUDGED** as follows:

1. To the extent that Plaintiff Ryan Edmundson seeks further discovery from Defendants Tesla Florida Inc. and Tesla Motor FL Inc. regarding **Interrogatory No. 1**, Plaintiff's motion to compel is **DENIED**. As stated on the record at the hearing, Plaintiff has not made an adequate initial showing that Defendants' apparent reliance on Rule 33(d) of the Federal Rules of Civil Procedure was improper. *See generally Red-D-Arc Inc. v. AMP 2 LLC*, No. 24-CV-1087, 2025 WL 26648, at *1 (M.D. Fla. Jan. 3, 2025) ("When the responding party relies on Rule 33(d) to respond to an interrogatory, the party seeking discovery must make a *prima facie* showing that 'the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons.'" (quoting *Int'l Aerospace Grp. Corp. v. Evans Meridians Ltd.*, No. 16-24997-CIV,

2017 WL 1927957, at *3 (S.D. Fla. May 10, 2017))). Plaintiff has not made an initial showing that the use of Rule 33(d) was inadequate. Defendants' response pointed to a mere 68 pages of bates-stamped service records (as opposed to a larger, more general and cumbersome set of records, like a 500-page claim file). Per the parties' representations, those records provide the names of individuals falling under the umbrella of those sought by Interrogatory No. 1. Although Plaintiff takes issue with the "role" of some individuals not being identified, Interrogatory No. 1 does not ask for this information. To the extent that the service records either reference people not identified by name or do not identify people that Plaintiff has a basis to believe should have been identified, Plaintiff has not adequately conferred about this issue with Defendants and thus has not properly raised this discovery dispute before the Court. *See* [DE 20] at 4. Indeed, Defendants stated at the hearing that this was the first time that the issue had been raised or discussed and that the prior conferrals did not address this issue. This ruling does not prevent Plaintiff from issuing a follow-up interrogatory or conferring further with Defendants.

2. To the extent that Plaintiff Ryan Edmundson seeks further discovery from Defendants Tesla Florida Inc. and Tesla Motor FL Inc. regarding **Interrogatory No. 4**, Plaintiff's motion to compel is **GRANTED**. As stated on the record at the hearing, this interrogatory asks for information that is slightly more interpretative than Interrogatory No. 1, making any reliance on Rule 33(d) less reasonable. *See Morock v. Chautauqua Airlines, Inc.,* No. 07-CV-210-T-17, 2007 WL 4247767, at *2 (M.D. Fla. Dec. 3, 2007) ("Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations."). While the referred-to records are likely to contain information that would help inform the response to Interrogatory No. 4, Plaintiff is entitled to the descriptions and

explanations sought. Accordingly, Defendant shall provide a supplemental response to Interrogatory No. 4 by no later than **October 7, 2026**.

3. To the extent that Plaintiff Ryan Edmundson seeks further discovery from Defendants Tesla Florida Inc. and Tesla Motor FL Inc. regarding **Interrogatory No. 10**, Plaintiff's motion to compel is **DENIED**. As stated on the record at the hearing, Rule 33(d) does not appear to be at issue. Although Plaintiff argued that Defendants' response does not comport with Rule 33(d)'s requirements, Defendants expressly disclaimed reliance on Rule 33(d) at the hearing. Defendants' position makes sense considering that the response to Interrogatory No. 10—at least as Plaintiff worded the interrogatory—provides exactly what Plaintiff asked for. Plaintiff had asked for Defendants to "[i]dentify all documents, photographs, internal reports, and service logs relating to (a) firmware/configuration changes, (b) thermal management/cooling components, (c) battery-related components, (d) coolant intrusion findings, and (e) motor harness replacement or related high-voltage components for the gray tesla." [DE 32] at 3. Defendants did so by referring to service invoices, communications logs, and photos that had been produced in response to certain requests for production. *See id.* Plaintiff did not ask for Defendant to identify these records *and* to explain which sub-category each record relates to. If Plaintiff wanted a more specific breakdown, he should have asked for it (such as by including separate interrogatories targeting each category specifically). Put simply, if Plaintiff was trying to use Interrogatory No. 10 to obtain a breakdown of which documents went with each category, Interrogatory No. 10 failed to specify as much.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of September 2026.

Jared Strauss

**Jared M. Strauss**
**United States Magistrate Judge**